**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**ANTONIO MANN,**

        **Movant.**

**Case No. 09-C-819
(Criminal Case No.
05-CR-323)**

---

## DECISION AND ORDER

---

This matter comes before the Court on the pro se motion of the Movant, Antonio Mann ("Mann"), under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. On July 19, 2006, during the third day of the jury trial in this action, Mann plead guilty before this Court to the two-count indictment that charged him with bank robbery by force or violence (Count One) and brandishing a firearm in furtherance of a crime of violence (Count Two). This Court sentenced Mann on April 23, 2008. During the sentencing hearing, the Court rejected Mann's motion for a downward departure, finding that Mann's criminal history was not over-represented. Instead, the Court noted that his criminal history was a profile of anti-social behavior because Mann had constant and continual contact with the system with some minor, and some major offenses. The Court sentenced Mann to 55 months as to Count One,

and 84 months as to Count Two, with the terms to run consecutively for a total term of 139 months of imprisonment.

On April 30, 2008, Mann filed a letter stating that, on April 23, 2008, his attorney had advised him to waive his appeal. Mann wrote that, upon reflection, he did not want to waive his right to appeal.

On May 2, 2008, counsel filed a letter stating that, following Mann's letter to the Court about his intention to appeal, counsel had spoken to Mann. Counsel wrote that, after consulting him, Mann had decided that he did not want to appeal his case to the Seventh Circuit Court of Appeals. Thereafter, on May 5, 2008, Mann filed a letter stating that "I do in fact want to waive my rights."

Mann did not file a direct appeal of his conviction or sentence. The Court next heard from Mann when it received a letter, dated August 2, 2009, and was filed on August 11, 2009, requesting that the Clerk of Court send him a copy of his presentence report and the indictment. On August 24, 2009, Mann filed a motion for relief pursuant to § 2255 raising two grounds. Relying on United States Sentencing Guideline § 4A1.2(c)(1), Mann contends his criminal history score based on misdemeanor or petty offenses is about nine points higher than allowed by the Sentencing Guidelines and "the" federal statute. Mann also asserted that the Court did not have jurisdiction over the indictment because it did not charge or prove each and every element of the bank robbery offense and it did not charge or prove every element of using and brandishing a firearm in furtherance of a crime of violence.

2

Upon initial review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court dismissed Mann's second ground for relief challenging to the sufficiency of the indictment and the Court's jurisdiction over him, finding that it was plainly without merit. However, it allowed Mann to proceed on his contention with respect to his criminal history score based on misdemeanor or petty offenses being higher than provided for by United States Sentencing Guideline § 4A1.2(c)(1) or allowed by "the" federal statute and directed the Plaintiff, United States of America ("United States"), to file an answer to that ground.

The United States' answer asserts that Mann's motion should be dismissed because it is barred by the one-year statute of limitations applicable to such motions and is otherwise not cognizable. Mann filed a response arguing that he did not forfeit the right to challenge his sentence and it was not intentional – it was neglect. Thereafter, Mann filed a motion seeking to amend his pleadings to provide the reasons for his delay in filing his § 2255 motion asserting that the Court should find that the one-year period is equitably tolled. The time for the United States to file a reply has passed, and none has been filed.

Although Mann characterizes his motion as a motion to amend the pleadings, he has not filed a proposed amended pleading. Instead, he has filed an affidavit. Therefore, Mann's motion is construed as a motion for leave to file an affidavit, and it is granted.

**Mann's Affidavit**

Mann avers that he consulted with his attorney, and expressed his desire for him to file a direct appeal on his behalf after the April 23, 2008, sentencing. (Mann Aff. ¶ 3.) Counsel advised him that he saw no meritorious issues but he would still file an *Anders* [1]brief on Mann's behalf. (*Id*.). Mann further avers that he was under that impression from the time that he was sentenced until June 15, 2008, that counsel would do so. (*Id*. at ¶ 4.) Mann avers that he was transferred from the county jail to the United States Penitentiary at Terra Haute, Indiana, where he remained in the Special Housing Unit without access to the legal library or legal materials for eight months and that during that time he was still under the impression that counsel had filed a direct appeal *Anders* brief on his behalf. (*Id*.) Mann avers that during January 2009, he was transferred to the United States Penitentiary in Pollack, Louisiana. (*Id*. at ¶ 5.) Mann states that he did not discover that counsel did not file an *Anders* brief on Mann's behalf until about August 25, 2009. (*Id*.)

**Analysis**

Mann implicitly concedes that he did not file his petition within the one-year time frame for pursuing relief under 28 U.S.C. § 2255. However, he proffers his affidavit to demonstrate the basis for equitable tolling of the period.

To establish equitable tolling of the one-year period for pursing relief under § 2255, a movant must demonstrate that (1) he has been pursuing his rights diligently, and (2)

---

[1]The term *Anders* brief, is a reference to the Supreme Court decision, *Anders v. State of Cal*., 386 U.S. 738 (1967).

4

some extraordinary circumstance out of his control prevented timely filing. *Holland v. Florida*, ___, U.S. ___, 130 S.Ct. 2549, 2562 (2010) (regarding § 2254 motion); *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008). Equitable tolling "is an extraordinary remedy reserved for truly exceptional situations." *Nolan v. United States*, 358 F.3d 480, 486 (7th Cir. 2004) And while a lawyer's "egregious behavior" satisfies the standard, "a garden variety claim of excusable neglect" does not warrant equitable tolling. *Holland*, 130 S.Ct. at 2563-64. Whether a particular situation justifies equitable tolling is a fact-specific, case-by-case determination. *Id*.

In *Holland*, the Supreme Court found that the petitioner had diligently pursued his rights by writing counsel numerous letters seeking crucial information and providing direction. *Id*. at 2555-59. The petitioner also repeatedly requested that counsel be removed from his case, and the petitioner filed his own habeas corpus petition on the day that he learned that the time for filing his petition had expired. *Id*.

The letters filed by counsel and Mann in his criminal case, disclosing his decision not to appeal, call into question Mann's representations in his affidavit. However, even accepting the averments of Mann's affidavit, he has not established the type of truly extraordinary circumstances required for equitable tolling. In short, Mann avers that he relied on counsel's agreement to file an *Anders* brief, from April 23, 2008, until August 25, 2009. Nonetheless, there is no indication that Mann did anything to verify that counsel was following through on his behalf. Between April 2008 and August 2009, Mann was in three different

5

facilities. Mann does not indicate that he contacted counsel to check on the status of his appeal at any time. Mann also does not indicate that he contacted this Court or the Seventh Circuit Court of Appeals to check on the status of his appeal. Nor does Mann describe any persistent impediment that would have prevented him from making those contacts. Although Mann states that he did not have access to a law library or legal materials for eight months, he does not provide any information regarding his access to such resources while he was in the county jail or in Louisiana. Unlike the petitioner in *Holland*, Mann has not presented evidence that might establish that he was diligent in pursing his claim. Mann has not established a basis to excuse his late § 2255 filing based on equitable tolling.

Moreover, even if equitable tolling were established, absent extraordinary circumstances, challenges to guideline calculations are not cognizable in a section 2255 petition. "'[D]eviations from the Sentencing Guidelines generally are not cognizable on a § 2255 motion," absent a showing of a complete miscarriage of justice. *Welch v. United States*, 604 F.3d 408, 412 (7th Cir. 2010); *see also Taylor v. Gilkey*, 314 F.3d 832, 833 (7th Cir. 2002) ("the [Sentencing] Guidelines are not 'laws' for purposes of § 2255") *Soto v. United States*, 37 F.3d 252, 254 (7th Cir. 1994); *Scott v. United States*, 997 F.2d 340, 342-43 (7th Cir. 1993). Mann's motion for § 2255 relief does not present circumstances that could be deemed to constitute a miscarriage of justice.

Under the 2009 Amendments to Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, the Court must issue or deny a certificate

6

of appealability when entering a final order adverse to a movant. "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Mann's motion has been denied on procedural grounds. And, the Court finds no basis upon which reasonable jurists might disagree with either of these determinations. Therefore, the Court declines to issue a certificate of appealability.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

1. Mann's motion (Docket No. 5) for leave to file an affidavit is **GRANTED**.

2. Mann's motion to vacate, set aside or correct sentence is **DISMISSED as untimely.**

3. This action is **DISMISSED.**

4. The Court **DECLINES TO ISSUE** a certificate of appealability.

5. The Clerk of Court is **DIRECTED** enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 30th day of November, 2010.

**BY THE COURT**

*s/ Rudolph T. Randa*
**Hon. Rudolph T. Randa
U.S. District Judge**